**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL BUSINESS AND PROFESSIONAL ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHOWMARK MEDIA LLC, <br><br> Defendant | Case No. 1:16-cv-7279 <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff, NATIONAL BUSINESS AND PROFESSIONAL ASSOCIATION, INC., d/b/a National Association for Business Resources [hereinafter referred to as "NBPA"], for its Complaint against Defendant, SHOWMARK MEDIA LLC [hereinafter referred to as "SHOWMARK"], states:

**NATURE OF THE COMPLAINT**

1. This Complaint is an action for monetary damages and injunctive relief arising out of SHOWMARK's unauthorized and infringing use of Plaintiff's registered trademarks, 1021 BEST AND BRIGHTEST COMPANIES TO WORK FOR and BEST AND BRIGHTEST COMPANIES TO WORK FOR.

2. SHOWMARK has solicited winners of NBPA's awards with offers to sell plaques, creating a likelihood that the winners will be confused and think that the plaques are sold by or at least approved by NBPA.

**THE PARTIES**

3. NBPA is a corporation organized under the laws of the State of Michigan and having a principal place of business at 27700 Hoover Road, Warren, Michigan.

4. SHOWMARK is a limited liability company organized under the laws of the State of Delaware and having a registered agent at 919 North Market Street, Suite 425, Wilmington, Delaware.

## JURISDICTION AND VENUE

5. NBPA asserts causes of action for service mark infringement under 15 U.S.C. § 1114(1), for unfair competition under 15 U.S.C. § 1125(a), for common-law unfair competition, for State of Illinois trademark infringement, and for State of Illinois deceptive trade practices. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1338(a) and (b), as the first two Counts arise under an Act of Congress relating to trademarks and the other three Counts are claims of state unfair competition, state trademark infringement, and state deceptive trade practices, joined with substantial and related claims under the trademark laws of the United States.

6. This Court has personal jurisdiction over SHOWMARK because it has transacted business within this judicial district, has entered and/or has offered to enter into contracts to sell infringing goods to residents of this district and therefore has committed acts of infringement within this judicial district, and it owns and operates an interactive website, http://www.showmark.com/, offering infringing goods over the Internet, the website being accessible to and usable by anyone, including residents of this judicial district.

7. Venue lies within this judicial district under 28 U.S.C. §§ 1391(b)(1) and (2). SHOWMARK has committed acts of trademark infringement within this judicial district, thereby causing injury to NBPA in this judicial district, by sending commercial advertisements to residents of this judicial district and selling or offering to sell infringing goods to residents of this judicial district.

## COMMON ALLEGATIONS

### Plaintiff, NATIONAL BUSINESS AND PROFESSIONAL ASSOCIATION

8. NBPA is a premier organization that focuses on the sharing of best practices and providing tangible tools and resources to business. Through collaboration, awarding excellence, proven measurements and tools, NBPA's expectation is to positively impact its members' operations. NBPA's programs focus on improving business operations that create a positive impact at the employee level and hence form a stronger local business community. Programs range from the Best and Brightest Companies to Work For series to providing tangible solutions for compliance such as Summary Plan Descriptions.

9. NBPA operates annual "The Best and Brightest Companies to Work For®" competitions, which identify and honor organizations throughout the nation that display a commitment to excellence in their human resource practices and employee enrichment. Organizations are assessed based on categories such as communication, work-life balance, employee education, diversity, recognition, retention and more. Participating companies have the opportunity to benchmark results with other cities.

10. The Best and Brightest Companies to Work For® competitions are held annually in Atlanta, Chicago, Dallas/Fort Worth, Houston, Detroit, Milwaukee, San Francisco, and West Michigan, as well as a national competition.

11. The 101 Best & Brightest Companies To Work For® competitions are yearlong education and celebration programs. The programs include Resources, Elite Suite Workshops, Assessment Tools, and the Celebratory Symposium and Luncheon. The competitions provide the business community with the opportunity to gain recognition, showcase their best practices, and demonstrate why each of them would be an ideal place for employees to work.

12. NBPA has expended large sums in advertising and promoting "The Best and Brightest Companies to Work For" events.

## THE TRADEMARKS

### The "101 Mark:" 101 BEST AND BRIGHTEST COMPANIES TO WORK FOR

13. NBPA is the owner of United States Trademark Registration No. 3,038,899 [hereinafter "the '899 Registration"] for the word mark 101 BEST AND BRIGHTEST COMPANIES TO WORK FOR [hereinafter "the 101 Mark"]. (A true and correct copy of the Certificate of Registration for the '899 Registration is attached as **Exhibit A**.)

14. The services described in the '899 Registration are: "providing recognition and incentives by the way of awards to demonstrate excellence in the field of human resources."

15. NBPA has used the 101 Mark to advertise the services described in the '899 Registration, in interstate commerce, since at least March of 2000.

16. The 101 Mark is well-known and famous within NBPA's business.

17. The 101 Mark was registered more than five years ago. It has achieved incontestable status, as a declaration was filed in connection with the registration, stating that the 101 Mark has been in continuous use for over five years, and the declaration was accepted by the United States Patent and Trademark Office. (A true and correct copy of the Notice of Acceptance issued by the USPTO is attached as **Exhibit B**.)

18. The '899 Registration has therefore become incontestable within the meaning of Section 15 of the Trademark Act, 15 U.S.C. § 1065, and accordingly is *conclusive* evidence of the validity of the 101 Mark, of the registration of the 101 Mark, of NBPA's ownership of the 101 Mark, and of NBPA's exclusive right to use the 101 Mark in commerce. 15 U.S.C. § 1115(b).

19. The 101 Mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of the "The Best and Brightest Companies to Work For®" competition and of the services and goodwill of NBPA and its affiliates.

### The "B&B Mark:" BEST AND BRIGHTEST COMPANIES TO WORK FOR

20. NBPA is the owner of United States Trademark Registration No. 4,349,790 [hereinafter "the '790 Registration"] for the word mark BEST AND BRIGHTEST COMPANIES TO WORK FOR [hereinafter the B&B Mark"]. A true and correct copy of the Certificate of Registration for the B&B Mark is attached as **Exhibit C**.

21. The services described in the '790 Registration are: "providing recognition and incentives by the way of awards to demonstrate excellence in the field of human resources."

22. NBPA has used the B&B Mark to advertise the services described in the '790 Registration, in interstate commerce, since at least March of 2000.

23. The B&B Mark is well-known and famous within NBPA's business.

24. The B&B Mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of the "The Best and Brightest Companies to Work For®" competition and of the services and goodwill of NBPA and its affiliates.

### Defendant, SHOWMARK

25. SHOWMARK claims to offer wall plaques and desktop marquees. When an individual receives a notable mention from some unrelated organization, SHOWMARK solicits that individual to purchase a display of the achievement, without regard to the intellectual property rights of the organization conferring the achievement.

26. An example of SHOWMARK's infringing activity is:

   a. One of the winners of the Chicago 101 Best and Brightest Companies to Work For® competition was Bel Brands USA, a distributor of branded dairy products located in Chicago.

   b. Shortly after Bel Brands was announced as winner of the Chicago 101 Best and Brightest Companies to Work For® competition, SHOWMARK contacted Kimberly Mulcahy, Senior Manager Learning and Development, Zone HR at Bel Brands USA, offering to sell a wall plaque for the Bel Brands' award for "Best & Brightest Companies In Chicago To Work For Recognition." (A copy of the solicitation is attached as **Exhibit D**; a copy of the proposed wall plaque is attached as **Exhibit E**.)

27. Another example of SHOWMARK's infringing activity is:

   a. One of the winners of the Atlanta 101 Best and Brightest Companies to Work For® competition was Ashton Staffing, Inc., a company that places people in temporary and permanent jobs.

   b. Shortly after Ashton Staffing was announced as winner of the Atlanta 101 Best and Brightest Companies to Work For® competition, SHOWMARK contacted Debi Green, Regional Sales Manager, offering to sell a wall plaque for the Ashton Staffing award for "Best & Brightest Companies In Atlanta To Work For Recognition." (A copy of the proposed wall plaque is attached as **Exhibit F**.)

   c. Ms. Green contacted Ana Mancoci, Events Manager at Best and Brightest Programs, declining to purchase the wall plaque. (A copy of Ms. Green's email, showing confusion, is attached as **Exhibit G**.)

28. On information and belief, SHOWMARK has made similar solicitations to other winners of the 101 Best and Brightest Companies to Work For® competitions.

**The Infringement**

29. SHOWMARK's use of the term BEST AND BRIGHTEST COMPANIES IN CHICAGO TO WORK FOR in its solicitations and in its wall plaques is identical to NBPA's 101 Mark trademark except for the insertion of the descriptive text "in Chicago" and the omission of the term "101." SHOWMARK's use the term is substantially indistinguishable from the 101 Mark.

30. SHOWMARK'S use of the term BEST AND BRIGHTEST COMPANIES IN CHICAGO TO WORK FOR in its solicitations and in its wall plaques is identical to NBPA's B&B Mark trademark except for the insertion of the descriptive text "in Chicago." SHOWMARK's use of the term is substantially indistinguishable from the 101 Mark.

31. SHOWMARK's use of the term BEST AND BRIGHTEST COMPANIES IN CHICAGO TO WORK FOR, directed specifically at winners of the "Chicago 101 Best and Brightest Companies to Work For®" competition, causes likelihood of confusion, deception, and mistake as to the affiliation, connection, or association of SHOWMARK with the "Chicago 101 Best and Brightest Companies to Work For®" competition.

32. SHOWMARK has performed the activities alleged in Paragraphs 29 to 31, directed at winners of NBPA's competitions in other cities, including at least Atlanta.

33. SHOWMARK no trademark or other intellectual property rights in either the the 101 Mark or B&B Mark (collectively "NBPA's Marks") and is using NBPA's Marks without the permission of NBPA.

34. SHOWMARK has had actual notice of NBPA's prior rights in NBPA's Marks. SHOWMARK's conduct is therefore willful.

## COUNT I
### Federal Trademark Infringement
### 15 U.S.C. § 1114

35. NBPA incorporates the allegations of Paragraphs 1 through 34 in Count I.

36. SHOWMARK's use of NBPA's Marks in commerce on wall plaques is likely to cause confusion, or to cause mistake, or to deceive.

37. SHOWMARK's use of NBPA's Marks in commerce on advertisements intended to be used in commerce in connection with the sale, offering for sale, distribution, or advertising of goods or in connection with such use is likely to cause confusion, or to cause mistake, or to deceive.

38. SHOWMARK's use of NBPA's Marks is, upon information and belief, committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

39. SHOWMARK's conduct will cause further irreparable injury to NBPA if SHOWMARK is not restrained by this Court from further violation of NBPA's rights.

40. NBPA's remedy at law is not by itself adequate, and NBPA has suffered and continues to suffer irreparable harm such that NBPA is entitled to injunctive relief.

41. SHOWMARK's conduct constitutes trademark infringement under 15 U.S.C. § 1114.

## COUNT II
### Federal Unfair Competition/False Designation of Origin
### 15 U.S.C. § 1125(a)

42. NBPA incorporates the allegations of Paragraphs 1 through 34 in Count II.

43. SHOWMARK's use of NBPA's Marks in commerce, in connection with goods, is a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact.

44. SHOWMARK's use of NBPA's Marks in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of SHOWMARK with NBPA.

45. SHOWMARK's use of NBPA's Marks in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of SHOWMARK's goods, services, or commercial activities.

46. SHOWMARK's use of NBPA's Marks in commerce misrepresents the nature, characteristics, or qualities of SHOWMARK's goods or commercial activities.

47. SHOWMARK's conduct violates 15 U.S.C. § 1125(a).

48. SHOWMARK's conduct has caused damage to NBPA.

49. SHOWMARK's conduct will cause further irreparable injury to NBPA if SHOWMARK is not restrained by this Court from further violation of NBPA's rights.

50. NBPA's remedy at law is not by itself adequate, and NBPA has suffered and continues to suffer irreparable harm such that NBPA is entitled to injunctive relief.

51. SHOWMARK's conduct constitutes unfair competition under 15 U.S.C. § 1125.

## COUNT III
### Common-law Unfair Competition

52. NBPA incorporates the allegations of Paragraphs 1 through 34 in Count III.

53. SHOWMARK's conduct constitutes unfair competition under the common law of the State of Illinois.

54. SHOWMARK's conduct has caused damage to NBPA.

55. SHOWMARK's conduct will cause further irreparable injury to NBPA if SHOWMARK is not restrained by this Court from further violation of NBPA's rights.

56. NBPA's remedy at law is not by itself adequate, and NBPA has suffered and continues to suffer irreparable harm such that NBPA is entitled to injunctive relief.

57. SHOWMARK's conduct constitutes unfair competition under the common law of the State of Illinois.

## COUNT IV
### State Trademark Infringement

58. NBPA incorporates the allegations of Paragraphs 1 through 34 in Count IV.

59. SHOWMARK's conduct has caused damage to NBPA.

60. SHOWMARK's conduct will cause further irreparable injury to NBPA if SHOWMARK is not restrained by this Court from further violation of NBPA's rights.

61. NBPA's remedy at law is not by itself adequate, and NBPA has suffered and continues to suffer irreparable harm such that NBPA is entitled to injunctive relief.

62. SHOWMARK's use of the Marks constitutes trademark infringement under the Illinois Counterfeit Trademark Act, 765 ILCS 1040/0.01 *et seq*.

## COUNT V
### State Deceptive Trade Practice

63. NBPA incorporates the allegations of Paragraphs 1 through 34 in Count V.

64. SHOWMARK's use of the Marks causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods and causes

likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another.

65. SHOWMARK's conduct has caused damage to NBPA.

66. SHOWMARK's conduct will cause further irreparable injury to NBPA if SHOWMARK is not restrained by this Court from further violation of NBPA's rights.

67. NBPA's remedy at law is not by itself adequate, and NBPA has suffered and continues to suffer irreparable harm such that NBPA is entitled to injunctive relief.

68. SHOWMARK's use of the Marks constitutes a deceptive trade practice under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.

## PRAYER FOR RELIEF

**WHEREFORE**, NBPA respectfully requests that this Court enter judgment in its favor and against SHOWMARK, as follows:

1) That SHOWMARK, its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with it, be preliminarily enjoined and thereafter permanently enjoined and restrained from:

   a) Using the terms "BEST AND BRIGHTEST COMPANIES TO WORK FOR" or "101 BEST AND BRIGHTEST COMPANIES TO WORK FOR" or any confusingly similar designation alone or in connection with other words, as a trademark, service mark, trade name, trade name component, Internet domain name, or otherwise, to market, advertise, or identify goods or services;

   b) Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of NBPA's Marks;

2) That SHOWMARK be directed to file with this Court and to serve on NBPA, within 30 days after the service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which SHOWMARK complied with the injunction;

3) That SHOWMARK be directed to deliver or destroy all devices, literature, advertising, or other materials bearing the terms "BEST AND BRIGHTEST COMPANIES TO WORK FOR" or "101 BEST AND BRIGHTEST COMPANIES TO WORK FOR" or any confusingly similar designation alone or in connection with other words;

4) That NBPA be awarded damages consisting of all profits made by SHOWMARK as a result of using the terms "BEST AND BRIGHTEST COMPANIES TO WORK FOR" OR "101 BEST AND BRIGHTEST COMPANIES TO WORK FOR" or any confusingly similar designation alone or in connection with other words;

5) That NBPA be awarded enhanced damages of three times its actual damages and a reasonable attorney's fee under 15 U.S.C. § 1117;

6) That NBPA be awarded exemplary damages under Illinois state law;

7) That NBPA recover its costs of this suit;

8) That NBPA recover its attorneys' fees, this case being exceptional; and

9) That NBPA have such other and further relief to which it may be entitled.

## JURY DEMAND

NBPA requests trial by jury.

                                    Respectfully submitted,

                                    NATIONAL BUSINESS AND
                                    PROFESSIONAL ASSOCIATION

                                    /s/Eric Dorkin
                                    One of Its Attorneys

Timothy M. McCarthy (Illinois Bar No. 6187163)
      tmccarthy@clarkhill.com
      tel 312-985-5561
Eric Dorkin (Illinois Bar No. 6256930)
      edorkin@clarkhill.com
      tel 312-985-5933
CLARK HILL PLC
150 N. Michigan Ave., Suite 2700
Chicago, Illinois 60601
tel (312) 985-5900
fax (312) 985-5999

**Index of Exhibits**

A. United States Trademark Registration No. 3,038,899.

B. Notice of Acceptance of Section 15 Declaration.

C. United States Trademark Registration No. 4,349,790.

D. Solicitation to sell infringing goods by Showmark.

E. Copy of proposed infringing goods.

F. Copy of proposed infringing goods.

G. Evidence of confusion.

204789942.1 06336/198882